UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL MANG, | Case No. SACV 14-904-KK |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR ATTORNEYS' FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.
## **INTRODUCTION**

On August 24, 2015, Plaintiff's counsel, Roger D. Drake and Erika Bailey Drake of Drake & Drake ("counsel") filed a Motion for Attorneys' Fees Under The Equal Access to Justice Act ("Motion"). ECF Docket No. ("Dkt.") 34 at 1. The Motion seeks fees in the amount of $5,473.73 and costs in the amount of $400.00 for representing Plaintiff Jill Mang ("Plaintiff") in an action to obtain disability insurance benefits. Id. at 1, 5. On September 14, 2015, Defendant Carolyn W. Colvin ("Defendant") filed a Memorandum In Opposition to Plaintiff's Motion for Attorney's Fees Under The Equal Access To Justice Act ("Opposition"). Dkt. 35 at 1.

The parties have consented to the jurisdiction of the undersigned United States

1

Magistrate Judge, pursuant to 28 U.S.C. § 636(c).  Dkt. 21.  For the reasons stated below, the Court grants the Motion.

## II.

## **RELEVANT BACKGROUND**

On June 12, 2014, Plaintiff filed the Complaint in this action.  Dkt. 1 at 1.  The Complaint alleged Defendant acted improperly in denying Plaintiff's application for disability insurance benefits.  Id. at 2-3.  On April 16, 2015, the Court found Defendant erred in denying Plaintiff disability insurance benefits, and entered Judgment reversing and remanding the case for the calculation and award of benefits pursuant to Sentence 4 of 42 U.S.C. § 405(g).  Dkt. 26 at 1.  The Court applied the substantial evidence standard and held the decision of the Administrative Law Judge ("ALJ") was unsupported by substantial evidence.  Dkt. 25 at 5-13.  The Court found the ALJ failed to give specific, clear, and convincing reasons for rejecting Plaintiff's testimony.  Id.  at 6-11.

On August 24, 2015, Plaintiff's counsel filed the instant Motion under the Equal Access to Justice Act.  Dkt. 34 at 1.  The motion seeks the amount of $5,473.73 in fees and $400.00 in costs incurred representing Plaintiff in the underlying proceedings before this Court.  Id. at 1, 5.  Counsel states 28.8 hours of attorney time were expended, Dkt. 34 at 5, 7; Dkt. 34-1, and seeks compensation pursuant to a fee agreement, in which Plaintiff "authorize[d] Erika Drake to seek attorneys fees on [Plaintiff's] behalf under the Equal Access to Justice Act . . . [and] assign[ed] any fee award to Erika Drake," Dkt. 34 at 7; Dkt. 34-2.

On September 14, 2015, Defendant filed an Opposition, arguing the Court should deny the Motion because Defendant's position was "substantially justified."  Dkt. 35 at 1-9.  Defendant further argues, to the extent the Court awards fees, "the fees must be made payable to Plaintiff and not to her attorney."  Id. at 9 n.2.

///

///

///

# III.

# DISCUSSION

**A.  The Equal Access to Justice Act Entitles Plaintiff To Fees**

**1.  Applicable Law**

The Equal Access to Justice Act ("EAJA") requires a court to "award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

To challenge a request for EAJA fees, the government must show its position was substantially justified. Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013). Specifically, "the government's position must have a 'reasonable basis both in law and fact.'" Meier, 727 F.3d at 870 (quoting Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). The government's position comprises both the underlying agency action giving rise to the civil action and the government's litigation position. 28 U.S.C. § 2412(d)(2)(D); Tobeler v. Colvin, 749 F.3d 830, 832 (9th Cir. 2014).

With respect to a social security appeal, a court may treat an ALJ's decision as the underlying action. Meier, 727 F.3d at 870 ("[W]e have consistently treated the ALJ's decision as the action or failure to act by the agency upon which the civil action is based"). A court's holding an ALJ's decision was unsupported by substantial evidence is "a strong indication" the government's position was not substantially justified because the substantial evidence and substantially justified standards are "significantly similar[]." Id. at 872 (internal quotation marks omitted); see Thangaraja v. Gonzales, 428 F.3d 870, 874 (9th Cir. 2005) ("[I]t will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record'" (quoting Al-Harbi v. I.N.S., 284 F.3d 1080, 1085 (9th Cir. 2002))). If the ALJ's decision lacked substantial justification, the court must award fees and need not address whether the

government's litigation position was justified. <u>Tobeler</u>, 749 F.3d at 832; <u>see also</u> <u>Sampson v. Chater</u>, 103 F.3d 918, 922 (9th Cir. 1996) ("'It is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not.'" (quoting <u>Flores v. Shalala</u>, 49 F.3d 562, 570 n.11 (9th Cir. 1995))).

### 2. Analysis

Here, the ALJ's decision was not substantially justified. Dkt. 25 at 5-13. For the reasons set forth in the Court's April 16, 2015 Order, the ALJ erred by failing to give specific, clear, and convincing reasons for rejecting Plaintiff's testimony. <u>Id.</u> at 6-11. The Court accordingly remanded for calculation and award of benefits. <u>Id.</u> at 13. In reaching its conclusions, the Court applied the substantial evidence standard and held the ALJ's decision was unsupported by substantial evidence. <u>Id.</u> at 5-13. Because the substantial evidence standard is significantly similar to the substantially justified standard, the Court's finding the ALJ's decision was unsupported by substantial evidence further supports the finding that the ALJ's decision was not substantially justified. <u>Meier</u>, 727 F.3d at 872.[1] Hence, as the prevailing party, Plaintiff is entitled to fees and expenses incurred in this action. 28 U.S.C. § 2412(d)(1)(A).

## B. Fees May Be Paid To Plaintiff's Counsel, Absent Any Offset For Plaintiff's Outstanding Federal Indebtedness

### 1. Applicable Law

Generally, an EAJA fee award is payable to a prevailing plaintiff rather than to her attorney. <u>Astrue v. Ratliff</u>, 560 U.S. 586, 596-97, 130 S. Ct. 2521, 2529, 177 L. Ed. 2d 91 (2010). Such payment is offset to satisfy any pre-existing debt the plaintiff owes to the federal government. <u>Id.</u> However, when the plaintiff validly assigns her EAJA fee award to her attorney, the amount awarded, subject to any offset, should be paid directly

---

[1] The Court declines to reach the issue of whether the government's litigation position was substantially justified. <u>Tobeler</u>, 749 F.3d at 832.

4

to the attorney. Cunningham v. Colvin, No. CV 13-1094-E, 2014 WL 3737957, at *5 (C.D. Cal. July 29, 2014) (stating if the government determines a plaintiff does not owe a federal debt, then the government shall cause her EAJA award to be made directly to her counsel, to whom she validly assigned the EAJA award); Ramirez v. Colvin, No. CV 12-5308 RNB, 2013 WL 4039066, at *4 (C.D. Cal. Aug. 6, 2013) (stating "subject to such offset (if any), plaintiff's counsel is entitled to direct payment of the EAJA award if there has been a valid assignment").

### 2. Analysis

Here, Defendant may pay EAJA fees to Plaintiff's counsel, subject to Plaintiff's outstanding federal indebtedness. Astrue, 560 U.S. at 596-97. Defendant argues EAJA fees must be payable to Plaintiff. Dkt. 35 at 9 n.2. However, Plaintiff appears to have validly assigned her EAJA fees to her counsel.[2] Dkt. 34-2. Thus, subject to any offset, Plaintiff's counsel is entitled to direct payment of Plaintiff's EAJA award.

## IV.
## ORDER

Based on the foregoing, IT IS HEREBY ORDERED: (1) counsel's Motion for Attorneys' Fees Under The Equal Access To Justice Act is granted; and (2) the Commissioner is directed to pay Plaintiff's counsel the sum of $5,873.73, subject to Plaintiff's outstanding federal debts.

DATED: September 17, 2015    _____
                             HON. KENLY KIYA KATO
                             UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant's Opposition does not challenge the validity of Plaintiff's assigning EAJA fees to her counsel.